IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PENOVIA LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 2:14-CV-00225-JRG |
| | § | |
| MOTION COMPUTING, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**MOTION COMPUTING, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PENOVIA LLC'S COMPLAINT**

Defendant Motion Computing, Inc. ("Motion") responds to the allegations and averments in Plaintiff Penovia LLC's Complaint and provides its affirmative defenses as follows:

**THE PARTIES**

1. Motion lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Penovia LLC's Complaint, and therefore denies them.

2. Motion admits that it is a Delaware corporation having a place of business located at 8601 RR 2222, Building II, Austin, Texas 78730.

**JURISDICTION AND VENUE**

3. Motion admits that Penovia LLC's Complaint alleges this action arises under the Patent Act, 35 U.S.C. § 1 *et seq*. Motion denies any wrongdoing or infringement.

4. Motion admits that Penovia LLC's Complaint alleges subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Motion denies any wrongdoing or infringement.

5. Motion denies all of the allegations in paragraph 5 of Penovia LLC's Complaint. Motion denies any wrongdoing or infringement.

6. Motion admits that venue is proper in the Marshall Division of the Eastern District of Texas pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

7. Motion admits that United States Patent No. 5,822,221 (the "'221 patent") was issued on October 13, 1998 and is entitled "Office Machine Monitoring Device". Motion is without knowledge or information sufficient to form a belief as to whether the '221 patent was duly and legally issued by the U.S. Patent and Trademark Office and therefore denies that allegation. Motion admits that attached to Penovia LLC's Complaint as Exhibit A is a copy of what purports to be the '221 patent.

8. Motion is without knowledge or information sufficient to form a belief as to whether Penovia is the assignee and owner of the right, title and interest in and to the '221 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it and therefore denies those allegations.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,822,221

9. Motion incorporates its responses to paragraphs 1-8 above as if set forth fully herein.

10. Motion denies that it has without license or authorization and in violation of 35 U.S.C. § 271(a), infringed and continues to infringe the '221 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, products or services related to office machine monitoring systems, including but not limited to the Motion Computing J3400 Tablet PC. Motion denies any wrongdoing or infringement.

11. Motion denies all of the allegations in paragraph 11 of Penovia LLC's Complaint. Motion denies any wrongdoing or infringement.

## JURY DEMAND

Motion acknowledges that Penovia has requested a jury trial.

## PRAYER FOR RELIEF

Motion denies that Penovia is entitled to any of the requested relief and denies any and all such allegations in paragraphs A through D of its Prayer for Relief. Motion denies any wrongdoing or infringement of the '221 patent.

## AFFIRMATIVE DEFENSES

Motion alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

12. Motion does not infringe and has not infringed, directly or indirectly, literally, or by the doctrine of equivalents, any valid and enforceable claim of the '221 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

13. The Complaint fails to state a claim upon which relief may be granted. The Complaint fails to establish the necessary predicates for a finding of infringement under 35 U.S.C. § 271(a), because, *inter alia*, facts are not alleged that establish making or use of the claimed invention by Motion or that Motion possessed the requisite intent to induce infringement by Motion's customers.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

14. The '221 patent is invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

15. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284. Plaintiff's recovery for alleged infringement of the '221 patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its original complaint, pursuant to 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Costs)

16. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

17. On information and belief, Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages. Plaintiff's claims for damages predating the filing of this action are barred by 35 U.S.C. § 287. Upon information and belief, Motion received no constructive notice of infringement via products adequately marked under 35 U.S.C. § 287 that are or were sold by Plaintiff or any predecessors-in-interest to the '221 patent, or parties licensed to the '221 patent, to

manufacture, sell or distribute products that practice the '221 patent. Neither did Motion receive actual notice of infringement prior to being served with this Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

18. Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the '221 patent covers or includes any accused Motion product or method.

### EIGHTH AFFIRMATIVE DEFENSE

### (Dedication to the Public)

19. Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the '221 patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20. On information and belief, Plaintiff has rendered the '221patent unenforceable under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

### (License and Patent Exhaustion)

21. On information and belief, some or all of Motion's accused products are licensed under the '221 patent and/or subject to the doctrines of patent exhaustion and implied license.

### RESERVATION OF ADDITIONAL DEFENSES

22. Motion's investigation of their defenses is continuing, and Motion expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules

of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## MOTION'S DEMAND FOR A JURY TRIAL

Motion requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Motion Computing, Inc. respectfully requests a judgment against Plaintiff Penovia LLC as follows:

a. Dismissing Plaintiff Penovia LLC's Complaint for patent infringement with prejudice;

b. Declaring that Motion Computing, Inc. has not infringed the '221 patent;

c. Declaring that the '221 patent is unenforceable;

d. Declaring that the '221 patent is invalid;

e. Awarding Motion Computing, Inc. its costs in this action and its reasonable attorneys' fees; and

f. Granting Motion Computing, Inc. such further relief as this Court may deem just and proper.

## EXCEPTIONAL CASE

This case is exceptional under 35 U.S.C. § 285.

DATED: <u>May 21, 2014</u>     Respectfully submitted,

By: <u>/s/ Charles D. Huston</u>
Charles D. Huston
State Bar No. 10328950
chuston@dmtechlaw.com
DAFFER MCDANIEL LLP
901 South MoPac Expressway
Building III, Suite 310
Austin, Texas   78746
Telephone:  (512) 476-1400
Facsimile:  (512) 703-1250

**ATTORNEY FOR DEFENDANT
MOTION COMPUTING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 21, 2014 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

<u>/s/ Charles D. Huston</u>
Charles D. Huston